UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA )
)
)
v. ) No. 2:13-CR-34
)
)
STEPHEN LEON WILLIAMS )

**MEMORANDUM AND ORDER**

This criminal case is before the Court on the defendant's motion for a sentence reduction, [Doc. 768]. In the defendant's motion, the defendant requests that the Court resentence him pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendment 782 and Amendment 788 to the United States Sentencing Guidelines Manual ("USSG"). The government has responded, [Doc. 775], and the defendant has replied, [Doc. 779]. The matter is ripe for review, and the record is clear. For the reasons that follow, the motion is DENIED.

**I.      Standard of Review**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 3685, 2690 (2011) (internal citation and quotation marks omitted). One exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The United States Supreme Court has interpreted § 3582(c)(2) as setting forth two requirements for a sentence reduction. First, "the defendant [must] ha[ve] been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" *United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013) (internal quotation marks and citation omitted). Second, "such reduction [must be] consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (internal quotation marks omitted). If the reviewing court determines that the defendant is eligible for a sentence reduction, then "[t]he court may then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" *United States v. Thompson,* 714 F.3d 946, 949 (6th Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the Court must first determine "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks and citation omitted); *see also* USSG § 1B1.10(b)(1). Other than substituting Amendment 782 for the corresponding provision applicable when the defendant was originally sentenced, the Court "shall leave all other guideline application decisions unaffected." *Id.* Furthermore, the Court "shall not" reduce a defendant's term of imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less than the term of imprisonment the defendant has already served." *Id.* § 1B1.10(b)(2)(A), (C).[1] In addition to

---

[1] Section 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." USSG § 1B1.10(b)(2)(B). That is not the case here.

these limits, section 1B1.10 states that a court must also consider the § 3553 factors and the danger to the public created by any reduction in a defendant's sentence. *Id.* at cmt. n.1(B). A court may further consider a defendant's post-sentencing conduct. *Id.*

## II. Factual Background

The defendant pleaded guilty to conspiring to distribute oxycodone, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(C), and being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), [Docs. 330 and 333]. As part of his 11(c)(1)(C) Plea Agreement, the defendant agreed that he distributed an estimated 2,250 (30 milligram) oxycodone pills, which converts to marijuana equivalent of 452 kilograms, [Doc. 330, ¶ 4(o)]. The parties further stipulated that the appropriate sentence would be a 90-month term of imprisonment followed by a three-year term of supervised release. [Doc. 330, ¶ 6].

The probation officer used the stipulated drug quantity to calculate the guidelines range. Given the amount of drugs for which the defendant was held responsible, the defendant's base offense level was 28, [Presentence Investigation Report ("PSR") ¶ 30]. The officer applied a two-level enhancement for the defendant's possession of a firearm [PSR, ¶ 31]. The adjusted offense level for the drug conspiracy was 30, [PSR, ¶ 35]. The officer then calculated the guideline range for the felon in possession of a weapon offense, which had a base offense level of 20, [PSR, ¶ 36]. The officer applied a four-level enhancement, resulting in an adjusted offense level of 24, [PSR, ¶ 24]. The officer used the greater of the adjusted offense levels and applied a three-level reduction for acceptance of responsibility pursuant to section 3E1.1(a) and (b), which resulted in a total offense level of 27, [PSR, ¶¶ 42-46]. Given the defendant's criminal history category of III, the defendant's applicable guideline range was 87 to 108 months' imprisonment, [PSR, ¶¶ 57, 84].

3

The Court accepted the plea agreement, and sentenced the defendant to 90 months' imprisonment pursuant to Rule 11(c)(1)(C), [Doc. 772 at PageID # 4464-65]. The defendant is presently scheduled for release on November 18, 2019, [Doc. 768, at 2; Doc. 775, at 2].

### III. Analysis

Amendment 782 to the Guidelines, which became effective on November 1, 2014, revised the Guidelines applicable to drug-trafficking offenses by reducing by two levels the offense levels assigned to the drug quantities described in section 2D1.1. USSG App. C, amend. 782. Amendment 782 also makes corresponding changes to section 2D1.11. Amendment 788, which became effective on November 1, 2014, as well, identified Amendment 782 as retroactive. USSG App. C, amend. 788.

Even with the application of the Guideline revisions, the drug offense level would still be higher than the firearm possession offense, and thus would continue to control. Applying Amendment 782, the defendant's revised base offense level is 26, and affording the defendant the same adjustments the defendant originally received, the defendant's new total offense level is 25. USSG § 1B1.10(b)(1). A total offense level of 25 and a criminal history category of III results in an amended guideline range of 70 to 87 months' imprisonment. Nonetheless, because the defendant was sentenced pursuant to an 11(c)(1)(C) plea agreement, this court must decide whether the defendant was sentenced to a term of imprisonment "based on" a sentencing range that has subsequently been lowered by the Sentencing Commission.

The defendant cites *Freeman v. United States*, 131 S. Ct. 2685 (2011), a 4-1-4 decision with controlling concurrence by Justice Sotomayor, and *United States v. McNeese*, 819 F.3d 922 (6th Cir. 2014), in arguing his sentence was "based on" a guidelines range that was subsequently lowered. The defendant acknowledges that the Sixth Circuit has identified Justice Sotomayor's

concurring opinion in *Freeman* as the holding of the Supreme Court on this issue. *See Garrett*, 758 F.3d at 755, 757.

> In discussing *Freeman*, the Sixth Circuit stated in *Garrett*:
>
>> The upshot of Justice Sotomayor's concurrence appears to be that, in the Rule 11(c)(1)(C) context, what the sentencing judge said and did is largely irrelevant; instead, what matters is "the agreement itself." "As long as that sentencing range is evident from the agreement itself, for purposes of § 3582(c)(2) the term of imprisonment imposed by the court in accordance with that agreement is 'based on' that range." *Id*. at 2697-98 (Sotomayor, J., concurring). That holding is reiterated later in the opinion: "When a (C) agreement explicitly employs a particular Guidelines sentencing range to establish the term of imprisonment, the agreement itself demonstrates the parties' intent that the imposed term of imprisonment will be based on that range, as required for sentence reduction under the statute." *Id*. at 2698 (Sotomayor, J., concurring). In other words, we apply a basic syllogism: if the sentence is based on a plea agreement, and the plea agreement relies on a given sentencing range, then the sentence is based on that range.

758 F.3d at 755. The court concluded, "[t]he question, then, is what sentencing range, if any, was 'evident' from or 'employ[ed]' by the agreement to 'establish' the term of imprisonment to be imposed." *Id*. The Sixth Circuit summarized the holding of *Freeman* as follows:

>> To summarize, under *Freeman*, when a defendant's sentence follows from a Rule 11(c)(1)(C) plea agreement, the district court is bound by that agreement if it accepts it, and the defendant's sentence is therefore "based on" that agreement. More specifically, under Rule 11(c)(1)(C), the defendant's sentence is based on any agreement "that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply." *See* Fed. R. Crim. P. 11(c)(1)(C). In such a case, for the defendant to be eligible for a sentence reduction under § 3582(c)(2), the agreement must "employ[ ] a particular Guidelines sentencing range to establish the term of imprisonment." *Freeman*, 131 S. Ct. at 2698 (Sotomayor, J., concurring).

*Id*. at 757.

The Plea Agreement states:

> 4. a) Through the testimony of numerous witnesses, the United States would demonstrate, beyond a reasonable doubt, that between the approximate month of June 2011 and continuing through the month of June 2013, in the Eastern District of Tennessee and elsewhere, conservatively, the defendant did knowingly, intentionally, and without authority, conspire with at least one other person to distribute approximately 2,250 (30 milligram) oxycodone pills, a Schedule II controlled substance.
>
> . . . .
>
> m) The defendant stipulates that the firearm sold to the undercover agent was a Bersa Model Thunder 380 .380 caliber pistol with a serial number of 466026 and that it was manufactured outside the state of Tennessee. As a result, the defendant stipulates that this firearm affected interstate commerce. The defendant also concedes that it was not clearly improbable that the firearm was connected to the drug offense and that two level enhancement under §2D1.1 (b)(1) should be applied to him.
>
> n) The defendant further stipulates that he has previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year. The defendant was convicted of the crime of First Degree Murder on or about October 16, 1981 in Hawkins County, Tennessee Criminal Court, in case number 4210, and originally sentenced to death by electrocution. Ultimately, his sentence was vacated on appeal and the defendant was resentenced to life.
>
> o) The defendant agrees and stipulates that he conspired to distribute an estimate of 2,250 (30 milligram) oxycodone pills in the Eastern District of Tennessee, and elsewhere during the relevant time period of this conspiracy. The defendant further agrees that 2,250 (30 mg) oxycodone pills converts to 452 kilograms of marijuana. Overall, the defendant agrees that he is accountable for 452 kilograms of marijuana.
>
> . . . .
>
> 6. Pursuant to Rule 11(c)(l)(C), the defendant and the United States agree that a sentence of 90 months in prison as to each count to run concurrently followed by a 3 year term of supervised release is the appropriate disposition of this case. Additionally, the Court may

> impose any lawful fine(s) and any special assessment fees as required by law. In the event the Court declines to accept this agreement, either party will be free to withdraw from the plea agreement.

[Doc. 330].

It is evident from the Plea Agreement that the parties stipulated to the quantity of drugs for which the defendant was to be held accountable. The Plea Agreement states the specific quantity and goes on to convert this quantity to its marijuana equivalent, 452 kilograms.

It is true that the drug quantity is evident from the Plea Agreement. It also evident, however, that the Plea Agreement neither lists the base offense level for the agreed-upon amount of drugs, the defendant's suspected criminal history category, nor a specific guidelines range. To be sure, pursuant to USSG section 2D1.1, the agreed-upon amount produced a base offense level of 28. When one considered the defendant's criminal history category, a specific range could be determined. At the time of sentencing, of course, this Court was aware of the defendant's criminal history category. Moreover, the parties agreed that the guidelines range calculated in the PSR, after adjustments, was correct. Nevertheless, the Plea Agreement does not give this type of information. It fails to supply enough information for the Court to make the necessary inferences to calculate a specific range.

In sum, the Plea Agreement explicitly lists the amount of drugs and, therefore, the base offense level of 28. It also clearly lists the agreed upon sentence of 90 months. It is silent as to everything in between. How the Court was to get from level 28 to a sentence of 90 months was certainly clear after receiving the PSR and hearing the arguments of counsel at the sentencing hearing. Based on the information contained in the Plea Agreement and the lack thereof, this Court cannot conclude that a sentencing range was evident or employed by the agreement to establish

the term of imprisonment. *See Garrett*, 758 F.3d at 755. As Justice Sotomayor's concurrence made clear in *Freeman*, it is not the district court's analytic framework that determines whether a sentence can be reduced in the 11(c)(1)(C) context pursuant to section 3582(c), but the plea agreement itself. If this Court's analytic framework was determinative, then the result would likely be different. However, the Plea Agreement here does not explicitly employ a sentencing range to establish the agreed-upon term of imprisonment. *See, e.g., United States v. Carthan*, No. 99 CR 945, 2015 WL 146939, at *1 (N.D. Ill. Mar. 26, 2015); *United States v. Jackson*, No. 99 CR 545-1, 2012 WL 4051930, at *2 (N.D. Ill. Sept. 12, 2012).

Although some sister circuits have taken different approaches regarding the controlling effect of Justice Sotomayor's concurrence in *Freeman*[2], this Court is not bound by their decisions. Rather, this Court *must* follow Sixth Circuit precedent, which has repeatedly held that defendants sentenced under a Rule 11(c)(1)(C) agreement can establish eligibility for relief under § 3582(c) "*only when* that guidelines range is explicitly referenced in a plea agreement and expressly relied upon to determine [the] defendant's sentence." *United States v. Douglas*, 606 F. App'x 287, 290 (6th Cir. 2015) (emphasis in original) (quoting *United States v. Riley*, 72, F.3d 756, 760 (6th Cir. 2013)).

Because the defendant cannot show that his sentence was "based on" a guidelines range that has been subsequently lowered, he is not entitled to a reduction pursuant to section 3582(c), and this Court need not address his other arguments.

## III.    Conclusion

---

[2] *See United States v. Davis*, 825 F.3d 1014, 1023-24 (9th Cir. 2016) (*en banc*) (concluding that "Justice Sotomayor's concurrence is not the 'narrowest grounds'" when determining the fragmented Court's holding); *United States v. Epps*, 707 F.3d 337, 350 (D.C. Cir. 2013) (concluding there was no controlling opinion in *Freeman* "because the plurality and concurring opinions do not share common reasoning whereby one analysis is a 'logical subset' of the other").

For the reasons stated herein, the defendant's motion, [Doc. 768], is DENED. All provisions of the Judgment, [Doc. 370], shall remain in effect.

ENTER:

                                                           s/J. RONNIE GREER
                                          UNITED STATES DISTRICT JUDGE