UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:13-CR-34 |
| | ) | |
| STEPHEN LEON WILLIAMS | ) | |

## **MEMORANDUM AND ORDER**

Before the Court is the defendant's renewed motion for resentencing pursuant to Amendments 782 and 788 to the United States Sentencing Guidelines ("USSG"), [Doc. 830]. This Court originally denied the defendant's first request for a sentence reduction pursuant to Amendments 782 and 788 of the USSG based on its interpretation of the then-existing Sixth Circuit precedent, *see* [Docs. 808 and 809]. The defendant appealed this Court's decision. While on appeal, the United States Supreme Court held that a defendant can seek a sentence reduction pursuant to 18 U.S.C. § 3582(c) even if he entered into a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) which did not expressly rely on a sentencing range from the guidelines. *See Hughes v. United States*, 138 S. Ct. 1765, 1775-76 (2018). Thereafter, the parties jointly moved for a remand to this Court for reconsideration of its decision in light of *Hughes*, which the Sixth Circuit granted. Therefore, this matter is now before this Court for reconsideration of the motion to reduce sentence in light of *Hughes*. The Court ordered the defendant to file a brief on his motion, incorporating his position on the application of *Hughes*, and additionally ordered the United States to respond to the defendant's brief, [Doc. 829]. Each brief has now been filed, [Docs. 830, 831, and 842]. The defendant requests this Court to reduce his sentence to 72 months. The United States now concurs that *Hughes* allows for the defendant's requested reduction, and defers to this Court's discretion on whether to grant any reduction and, if granted,

to what extent any reduction would be appropriate. For the reasons that follow, the defendant's motion will be **GRANTED**.

I. **Standard of Review**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal citation and quotation marks omitted). One exception is identified in 18 U.S.C § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The Sixth Circuit has interpreted § 3582(c)(2) as setting forth two requirements for a defendant to be eligible for a sentence reduction. First, "the defendant [must] ha[ve] been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" *United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013) (internal quotation marks omitted). Second, "such reduction [must be] consistent with applicable policy statements issued by the Sentencing Commission." *Id*. (internal quotation marks omitted). If the reviewing court determines that the defendant is eligible for a sentence reduction, "[t]he court may then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" *United States v. Thompson*, 714 F.3d 946, 949 (6th Cir. 2013) (quoting *Dillion v. United States*, 560 U.S. 817, 826 (2010)).

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the Court must first determine "the amended guideline range that would have been applicable to the

defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillion*, 560 U.S. at 827 (internal quotation marks and citation omitted); *see also* USSG § 1B1.10(b)(1). Other than substituting Amendment 782 for the corresponding provision applicable when the defendant was originally sentenced, the Court "shall leave all other guideline application decisions unaffected." *Id*. As to the requirement that the reduction must be consistent with applicable policy statements issued by the Sentencing Commission, the Sixth Circuit has clarified that "a guidelines amendment must have the effect of lowering the defendant's applicable guideline range." *Riley*, 726 F.3d at 758 (internal quotation marks omitted) (quoting *United States v. Hameed*, 614 F.3d 259, 269 (6th Cir. 2010)). The Court "shall not" reduce a defendant's term of imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less than the term of imprisonment the defendant has already served." USSG § 1B1.10(b)(2)(A), (C).[1] In addition to these limits, section 1B1.10 states that a court must also consider the § 3353(a) factors and the danger to the public created by any reduction in a defendant's sentence. *Id*. at cmt. n.1(B). A court may further consider a defendant's post-sentencing conduct. *Id*.

The United States Supreme Court has recently held that "a sentence imposed pursuant to a [Rule 11(c)(1)(C) plea] agreement is 'based on' the defendant's Guideline range so long as that range was part of the framework the district court relied on in imposing the sentence or accepting the agreement." *Hughes v. United States*, 138 S. Ct. 1765, 1775 (2018). In *Hughes*, the High Court went on to say that "in the usual case the court's acceptance of a [Rule 11(c)(1)(C) plea] agreement and the sentence to be imposed pursuant to that agreement are 'based on' the defendant's Guideline range" because "[t]he Sentencing Guidelines prohibit district courts from

---

[1] Section 1B1.10 provides one exception to the rule that the defendant may not receive a sentence below the amended guideline range—namely, if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." USSG § 1B1.10(b)(2)(B). That is not the case here.

3

accepting [Rule 11(c)(1)(C) plea] agreements without first evaluating the recommended sentence in light of the defendant's Guidelines range." *Id*. at 1776.

Therefore, *Hughes* has modified the holding in *Freeman*—as previously interpreted by the Sixth Circuit—to establish that defendants who are sentenced pursuant to Rule 11(c)(1)(C) plea agreements which do not explicitly include a guidelines range may nevertheless be eligible for a sentence reduction per § 3582(c). What the defendant must ultimately show is that the Guidelines range was "a relevant part of the analytic framework the judge used to determine the sentence or to approve the agreement." *Freeman*, 564 U.S. at 530.

## II. Factual and Procedural Background

The factual background is outlined in this Court's prior memorandum and order, [Doc. 59], and need not be fully re-hashed here. The critical facts are as follows: the defendant pleaded guilty to conspiring to distribute oxycodone, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(C), and being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), [Docs. 330 and 333]; he entered into an 11(c)(1)(C) plea agreement with the government, agreeing to be held responsible for an estimated 2,250 (30) milligram oxycodone pills, which converted to a marijuana equivalent of 452 kilograms, [Doc. 330 at ¶ 4]; the parties stipulated to an agreed-upon sentence of 90 months' imprisonment, followed by a three-year term of supervised release pursuant to Rule 11(c)(1)(C), [*id*. at ¶ 6]; the Court accepted the parties' agreement, and sentenced the defendant to a 90-month term of imprisonment, followed by a three-year term of supervised release, [Doc. 370]. Additionally, before imposing sentence, the United States Probation office prepared, and the Court accepted as its findings, a presentence investigation report ("PSR"), which calculated an advisory guideline range of 87 to 108 months' imprisonment based on a total offense level of 27 and a criminal history category of III, [PSR at ¶ 84].

After imposition of the defendant's sentence, the United States Sentencing Commission issued Amendment 782 to the guidelines, which reduced by two levels the offense levels assigned to the drug quantities outlined in section 2D1.1 of the USSG. USSG App. C, amend. 782. Amendment 788 identified Amendment 782 as retroactively applicable. USSG App. C, amend. 788.

The defendant filed a motion for a reduction of his sentence pursuant to § 3582(c), and based on this Court's interpretation of then-existing Sixth Circuit precedent, the Court denied the defendant's motion. The defendant appealed. While the defendant's appeal was pending before the Sixth Circuit, the United States Supreme Court clarified in *Hughes* that a sentence may be based on an advisory guidelines range even if not explicitly referenced in an 11(c)(1)(C) plea agreement. Consequently, the Sixth Circuit vacated this Court's denial of the defendant's motion for a reduction in sentence, and remanded this case for reconsideration of the motion in light of *Hughes*.

### III. Analysis

Initially, the Court must determine "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillion*, 560 U.S. at 827 (internal quotation marks and citation omitted). At the original sentencing, the Court calculated a base offense level of 28 for the drug conviction using the defendant's 452.25-kilogram marijuana equivalency, [PSR at ¶ 30]. Two levels were added for possessing a dangerous weapon, [PSR at ¶ 31], resulting in an adjusted offense level of 30 for Count One. As to the conviction for being a felon in possession of a weapon, the PSR applied a base offense level of 20, and added four levels for possessing a firearm in connection with another felony offense, resulting in an adjusted offense level of 24 as to Count 20, [PSR at ¶¶ 36, 37, and

41]. Application of a three-level reduction for acceptance of responsibility to the greater of the adjusted offense levels resulted in a total offense level of 27, [PSR at ¶ 46]. A criminal history category of III and a total offense level of 27 yielded an advisory guideline range of 87 to 108 months' imprisonment, [PSR at ¶ 84].

In applying a two-level reduction in accordance with Amendment 782 to the USSG, a 452.25-kilogram marijuana equivalency now results in a base offense level of 26 for Count One. Applying the same two-level enhancement for possession of a dangerous weapon as well as a three-level reduction for acceptance of responsibility, the resulting amended total offense level is 25. A criminal history category of III and a total offense level of 25 corresponds to an advisory guideline range of 70 to 87 months' imprisonment.

Here, both parties now concur, and the Court agrees, that the defendant's sentence in this case was "based on" his advisory guidelines range because such range was part of the framework the Court relied on in accepting the 11(c)(1)(C) plea agreement. *See Hughes*, 138 S. Ct. at 1775. At the original sentencing hearing, the Court acknowledged that the agreed-upon sentence appeared to be "at the low end of the otherwise applicable guideline range." [Doc. 772 at PageID # 4464]. Additionally, while pronouncing sentence, the Court specifically stated "upon [the Court's] consideration of the nature and circumstances of the offenses, [the defendant's] history and characteristics, the advisory guideline range which applies to this case, as well as all of the other factors listed in Titled 18, United States Code, Section 3553(a), [the Court] find[s] that the Rule 11(c)(1)(C) plea agreement entered into in this case is reasonable, provides for an appropriate sentence and should be approved by the Court, at it is hereby approved by the Court." [*Id*. at PageID # 4464-65]. Therefore, the Court now finds, in accordance with the holding of *Hughes*, that the defendant's original sentence was "based on" his advisory guidelines range. The first

requirement for eligibility of a sentence reduction under § 3582(c)—that the sentence was based on the defendant's advisory guidelines range—is satisfied.

Secondly, the Court must determine that a sentence reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c). Indeed, the amended guideline range of 70 to 87 months is lower than the original—and applicable—guideline range used in sentencing the defendant. The Court finds that the defendant is eligible for a reduction in his sentence.

The Court must also consider whether the authorized reduction is warranted in this case. Considering all of the factors set forth in 18 U.S.C. § 3553(a), the public safety considerations in reducing the defendant's sentence, the applicable policy statements issued by the Sentencing Commission, as well as the defendant's post-sentencing conduct, the Court finds that a sentence reduction is appropriate. The defendant has not incurred any disciplinary violations while in the custody of the Bureau of Prisons and has successfully completed classes during his incarceration. Further, as outlined in the defendant's filings in this case—as well as acknowledged by this Court at his original sentencing—his medical problems are mitigating.

As to the extent of the reduction, this Court may not reduce the defendant's sentence to a term "less than the term of imprisonment the defendant has already served." USSG § 1B1.10(b)(2)(A), (C). As the defendant was originally sentenced at the lower end of his original guideline range, a reduction to a sentence at the lower end of his amended guideline range would be consistent. The defendant has, as of now, served an amount of time that roughly falls at the lower end of his amended guideline range. Therefore, considering the amended guideline range, the applicable policy statements issued by the Sentencing Commission, as well as all of the factors

listed in 18 U.S.C. § 3553(a), the Court finds that a reduction of this defendant's sentence to an amended sentence of **time served** is warranted and appropriate.

IV. **Conclusion**

Having fully reconsidered the defendant's motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c), and in light of the holding pronounced in *Hughes*, the Court **GRANTS** the defendant's motion. The defendant's sentence is hereby **AMENDED** to a term of **time served**. This order shall take effect ten days from its entry in order to give the Bureau of Prisons time to process the defendant's release. All other provisions of the defendant's original Judgment, [Doc. 370], dated December 18, 2013, shall remain unchanged.

ENTER:

                      s/J. RONNIE GREER
                      UNITED STATES DISTRICT JUDGE